LEHRER et al. v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

1. EVIDENCE (§ 215*)—ADMISSIONS—CONTENTS OF WRITING.

   In an action on a parol contract of employment, the terms of which were in dispute, a paper setting forth the conditions of the employment, which defendant claimed had been shown to plaintiff, who stated that it corresponded with the agreement made with him, was admissible, in connection with plaintiff's statement, as an admission.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

2. EVIDENCE (§ 185*)—SECONDARY EVIDENCE—FAILURE TO PRODUCE PRIMARY EVIDENCE.

   Where defendant notified plaintiff's counsel to produce the original of a written statement, which its witnesses testified was given to plaintiff, and concerning which he made an admission, and plaintiff failed to do so, a copy of the statement was admissible, though plaintiff denied ever having seen the original, since defendant was entitled to have that question determined by the jury.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 642–660; Dec. Dig. § 185.*]

3. APPEAL AND ERROR (§ 1056*)—PREJUDICIAL ERROR—EXCLUSION OF EVIDENCE.

   Where the evidence was conflicting as to the terms of an oral agreement for employment, the exclusion of a writing which defendant claimed plaintiff had admitted contained the terms of the contract, and which supported its contention, was prejudicial, since thereby defendant was deprived of the benefit of plaintiff's admission.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from City Court of New York, Trial Term.

Action by Philip Lehrer and another against the Supreme Lodge Knights and Ladies of Honor. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Joline, Larkin & Rathbone, of New York City (Donald C. Muhleman, of New York City, and Richard S. Holmes, of Buffalo, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondents.

PENDLETON, J.  [1, 2]  The action was on a parol contract of employment. The dispute was as to its terms.   On the examination of a witness for defendant, he identified a paper as a copy of a paper setting forth the terms and conditions of plaintiffs' employment, given by him to one of the plaintiffs, and testified that said plaintiff stated, referring to the paper given him, that "the agreement was in accordance with the agreement made with him."   Defendant's counsel called on plaintiffs' counsel to produce the paper given plaintiff, and on his failure to do so, notice to produce having been given, offered the copy in evidence, and it was excluded.   This was error.   The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

original, taken in connection with the statement alleged to have been made by the plaintiff, would have been competent as an admission. On the failure of plaintiffs' counsel to produce it, the copy was competent.

[3] On the question as to whether the exclusion was prejudicial, the vital difference in the contentions of the parties was as to. whether the payment to plaintiffs was to be based on the number of new members secured for the lodge, or the amount of insurance taken and paid for. Plaintiff testified it was based on the number of new members secured, and that the amount of insurance as a basis of payment had never been mentioned. The paper, on its face, showed that, on the contrary, the basis was the amount of insurance taken. By its exclusion defendant was prevented from bringing before the jury evidence of an alleged admission by a plaintiff directly contrary to his contention and in favor of defendant's. It is true plaintiff denied he had ever seen the original paper, and as a necessary consequence that he had ever made the statement attributed to him; but such denial did not go to the competency of the evidence. It, at most, raised a conflict in the testimony. The jury might believe the defendant's witness, and defendant was entitled to present its evidence. The exclusion was therefore erroneous and prejudicial, and requires a new trial.

In view of the above, it is unnecessary to discuss the other questions in the case.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.