## H. HURWITZ CO. v. PEPE.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. EVIDENCE ⬤≈179(2)—DOCUMENTARY EVIDENCE—SECONDARY EVIDENCE—FOUNDATION.

    In an action for goods sold and delivered, defendant counterclaiming for breach of plaintiff's agreement to supply plumbing supplies, where defendant called upon plaintiff to produce the original letter accepting plaintiff's offer to furnish the supplies, and had served upon plaintiff's attorney a notice to produce, which the plaintiff failed to do, the disallowance by the court of secondary evidence, tending to show the writing and mailing to plaintiff of the letter of acceptance, was improper.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 596; Dec. Dig. ⬤≈179(2).]

2. APPEAL AND ERROR ⬤≈1056(1)—PREJUDICIAL ERROR—EXCLUSION OF EVIDENCE.

    In an action for goods sold, defendant counterclaiming for breach of plaintiff's agreement to supply plumbing supplies, error in the disallowance of secondary evidence to show the writing and mailing to plaintiff of defendant's letter of acceptance of plaintiff's offer of the supplies was prejudicial, since it was necessary to permit defendant to prove acceptance of plaintiff's written estimate or offer in order to establish the contract which was the basis of the counterclaim.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187, 4191, 4207; Dec. Dig. ⬤≈1056(1).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the H. Hurwitz Company against Alfonso M. Pepe. From a judgment for plaintiff, and dismissing defendant's counterclaim, defendant appeals. Judgment reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Clarence A. Weill, of New York City, for appellant.

Nelson W. Coan, of New York City, for respondent.

COHALAN, J. The action was for goods sold and delivered. The defendant stipulated a liability of $217.63. The court allowed a re-

covery in the sum of $289.63, and dismissed a counterclaim for $290 interposed by the defendant.

The only question litigated was that of the counterclaim. The defendant contended that the plaintiff agreed to supply him with plumbing supplies of the conceded value of $450 for the sum of $160. The plaintiff denied having sent any such estimate, and asserts that if it was sent it was forwarded without his knowledge. The estimate is in evidence. The court, in dismissing the counterclaim, said that it was obvious that the plaintiff had made a mistake, and that there had been no meeting of the minds with regard to this alleged contract.

[1, 2] On the trial the defendant attempted to introduce secondary evidence tending to show the writing and a mailing to the plaintiff of the letter of acceptance. It offered in evidence a copy of the acceptance, all of which evidence was objected to, and disallowed by the court. The defendant had called upon the plaintiff to produce the original letter accepting the offer, and had served upon the plaintiff's attorney a notice to produce the same. This the plaintiff had failed to do. This action on the part of the court constituted prejudicial error. King v. Block Amusement Co., (not reported); Lehrer v. Supreme Lodge, 151 N. Y. Supp. 991. It was necessary to permit the defendant to prove the acceptance of the plaintiff's written estimate in order to establish the contract, which was the basis of the defendant's counterclaim.

Judgment is reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.